Curia, per
Johwson, .L
Whether the plaintiff has or has not declared for a sufficient eause of action does not enter into the consideration of this ease. It is concluded by the judgment of the court below which proceeds entirely on the ground that the defendant, as an officer of the court of equity, was not bound to respond in a court of law for damages sustained by his neglect of duty, but was amenable only to the tribunal of which he was an officer; and all the grounds of this motion are resolved into that single question. It is a general rule that every breach of' a public duty, or neglect of what a party is bound by law to perform, working wrong or loss to another, is injurious’ and actionable, 1 Term Rep. 509. 2nd,do. 667; and it is equally incontrovertible that an action on the case which is peculiarly or exclusively,of common law cognizance is the appropriate remedy for such an injury, (vide 1 Bacon’s Abr. Action on the case for negligence A 2.) These as general positions have not been controverted, but.it has *37 been contended in opposition to the motion that every court claims the exclusive right to punish its own officers for a dereliction of duty; and a distinction has been attempted between that class of duties which are imposed by positive law and those which arise incidentally and are created by the act of the court; to the last of which, it is said the neglect complained of in this case, is referable. It may be admitted that so far as the judgment of the court is to act exclusively on its officers, as a punishment for their delinquinces, the first of the foregoing positions is well sustained, but the party who is injured has rights also which are not to be overlooked. He has a right to look for redress to that tribunal to whom the law has confided the jurisdiction of, and applies the remedy, to the particular wrong complained of, and whatever the rule of law may be in England, I have known no instance in this country where a personal privilege of this sort has been claimed or allowed. Besides an action on the case is one sounding altogether iff damages; and, as wide as the range is which the courts of equity, both in this country and in England, have taken in pursuit of increased jurisdiction, they have, I believe, never gone quite so far as to claim exclusive jurisdiction over the subject of damages; and if, as it is said, there is no wrong without a remedy, it must be a matter of common law jurisdiction. The distinction between those duties which are enjoined by positive law, and those which arise incidentally appears to me to be without foundation, so far as respects the party injured; for whether the injury proceeded from the one source or the other, it would be incumbent on the p'aintiff to show that the duty was imposed, that the defendant had neglected to perform it, and that he had sustained aninjury. And if it be true that the laws or the rules of a particular jurisdiction are locked up with the arcana of the closet, so as tobe inaccessible or so mysterious as *38 to be incomprehensible to the ordinary tribunals of justice, he must of course fail in his action. But I apprehend, that this is not the true legal inference. Every one is presumed to be acquainted with the law which prescribes rules for his conduct, whether it be paramount or subordinate; and if this presumption applies to individuals, it may be allowed to extend to the tribunals of justice. Again, it does not appear to me that there is any insurmountable difficulty in one court’s giving an exposition and effect to the laws or rules by which another is governed. To illustrate that there is not, let us suppose that a sheriff has neglected to make money on a fi. fa. issued out of the court of chancery. Now this duty is enjoined on him by positive law, about which there is no mystery or perplexity and his liability follows of course, if the party complainant has sustained an injury. But let us suppose, as the distinction contemplates, that the negligence complained of arose incidentally and out of an order made by the court. If there be any difficulties in the interpretation of the order itself, or in the mode of its execution, these it is true must be solved by the laws, rules and practice of the tribunal from which they emanated, but they as before shown are supposed to be known and understood by all; and whether the order was illegal or not can never enter into the case, for every order, decree or judgment of a court having.jurisdiction over the subject matter is the law of the case until it is reversed or annulled. We are, therefore, of opinion that the motion should be granted and that the case should be sent back to the city court for trial.
Nonsu-ii — set-aside.